IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HENRY DELUCA,<br>              Petitioner,<br><br>   vs.<br><br>LLOYD A. WHITE *Acting Chair, PA Board of Probation and Parole*; KRAIG WILLIAMS *Parole Agent*; MARK CAPOZZA *Warden, SCI Pittsburgh*; KATHERINE KANE *Attorney General of the State of Pennsylvania*,<br>              Respondents. | Civil Action No. 14-545<br>District Judge Cathy Bissoon/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to comply with the Order to Show Cause entered by this Court on June 11, 2014. ECF No. 11.

**II. REPORT**

On April 25, 2014, the date on which Richard Henry DeLuca ("Petitioner") initiated this Petition for Writ of Habeas Corpus ("the Petition") , he was incarcerated in the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Petitioner, proceeding *pro se* and *in forma pauperis,* challenges the fact Respondents rescinded his parole, which he claims was a violation of his constitutional rights. After he filed the Petition, ECF No. 3 and a Brief in Support, ECF No. 4, on May 12, 2012, Petitioner moved for appointment of counsel. ECF No. 5. The Court denied the Motion for Appointment of Counsel on May 23, 2014. ECF No. 6. On June 9, 2014, the envelope containing a copy of the Court's May 23, 2014 order denying

Petitioner's Motion for Appointment of Counsel was returned to the Court with a notation that the inmate is inactive and that he was paroled on May 11, 2014. On the same date that the envelope was returned to the Court, Respondents moved for an extension of time in which to file an Answer. ECF No. 9. As a consequence of the returned mail, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 11. Petitioner's response to the Order was due no later than June 25, 2014. On June 30, 2014, the envelope containing the Order to Show Cause which was sent to Petitioner at his address of record was returned to the Court with notation that the inmate is inactive and was paroled on May 11, 2014.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. The responsibility for his failure to respond to the orders in question and/or to keep the Court informed of his current address is Petitioner's alone.

(2) Prejudice to the adversary.

There is no indication that Respondents have been prejudiced by Petitioner's failures.

(3) A history of dilatoriness.

3

Petitioner has failed to obey court orders and failed to keep the Court informed of his current address. Petitioner's failures are sufficient evidence, in this Court's view, to indicate that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner failures were the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Petitioner is proceeding *pro se* and has not responded to the Court's orders and has not kept the Court informed of his current address. It is not clear that any sanction other than dismissal will properly redress Petitioner's conduct.

(6) Meritoriousness of Petitioner's case.

It is difficult to assess the meritoriousness of Petitioner's claims at this early stage but absent the ability to communicate with Petitioner, which cannot be accomplished without his current address, even a meritorious claim cannot proceed.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Petitioner's case be dismissed with prejudice for his failures to comply with the orders of this Court and for failing to keep the Court informed of his current address.

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Petitioner's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Date:   July 3, 2014                                             s/Maureen P. Kelly
                                                                         MAUREEN P. KELLY
                                                                         UNITED STATES MAGISTRATE JUDGE



cc:     The Honorable Cathy Bissoon
        United States District Judge

        Richard Henry Deluca
        JC-1282
        SCI Pittsburgh
        P.O. Box 99991
        Pittsburgh, PA 15233-0991

        All Counsel of Record Via CM-ECF